```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **LOUISIANA STATE BAR ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1013** |
| **WEITZ & LUXENBERG, PC, ET AL** | **SECTION B(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff Louisiana State Bar Association's Motion to Remand. (Rec. Doc. No. 15). The motion is opposed. (Rec. Doc. No. 23). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's motion be **GRANTED** and this matter remanded to state court.

### *DISCUSSION*

A.   Standard for Removal.

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). The removal statute should be strictly construed in favor of remand and any ambiguities should be construed against removal. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 U.S. 720, 723 (5th Cir.2002).

B.   Jurisdiction.

    I.   Federal Question.

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331. Whether a claim arises under federal law must be determined referring to the "well-pleaded complaint." *M, G, & B Services, Inc. v. Buras, et al.*, 2004 WL 1872718 (E.D. La. 2004)(citations omitted). This means that a federal question must appear on the face of the complaint. *Id*. at * 1 (citations omitted). Because a defendant may remove a case to federal court only if the plaintiff could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint." *Id*. at * 1 (citations omitted). That a federal question arises in defense of the plaintiff's allegations is insufficient to establish removal jurisdiction. *Metro Ford Truck Sales, Inc. v. Foley*, 145 F. 3d 320, 326-327 (5th Cir. 1998)(citing, 14A Wright Miller & Cooper, Federal Practice and Procedure; Jurisdiction 2d §3722, at 255-260; *Gully v. First Nat'l Bank*, 299 U.S. 109(1936)). Likewise, that a federal question arises in a defendant's counterclaim is also insufficient to establish removal jurisdiction. *M, G, & B Services, Inc.,* 2004 WL 1872718 at *1 (*citing The Holmes Group v. Vornado Circulation Sys*., 53 U.S. 826, 831 (2002)).

Plaintiff's complaint and amended complaint (filed prior to removal) allege that Defendant violated Rule 5.5 of the Louisiana Rules of Professional Conduct and request a declaratory judgment finding that Defendant engaged in the unauthorized practice of law in this state and that Attorney "X" assisted Defendant in violation of the Louisiana Rules of Professional Conduct. The amended

2

complaint also seeks permanent injunctive relief against Defendant, requesting the Clerk of Court be enjoined from accepting any pleading or any other document submitted by Defendant.

Defendant removed this action initially alleging that the Court had federal question jurisdiction because "Plaintiff seeks an injunction that would amount to an unconstitutional prior restraint on the Defendant's right to free speech under the First Amendment to the United States Constitution. [Further], if Louisiana Rule of Professional Conduct 5.5 is enforced as to Defendant, and the requested injunction is granted, Defendant will be deprived of property and liberty interest, in violation of 42 U.S.C. § 1983." (Rec. Doc. 1 at paragraph 3). These allegations are the same basis for the counterclaim raised against Plaintiff.

Defendant's argument that Plaintiff's complaint states a federal cause of action on its face is rejected. The original and amended complaint seek declaratory and injunctive relief based upon alleged violations of a Louisiana statute and seek to enforce that statute by requiring Defendant to cease practicing law in Louisiana without a license. There is no federal cause of action that clearly involves state court statutory matters. Defendant raises defenses and counterclaim which provide that the Louisiana rules are not constitutionally proper as written and as applied. However, removal is improper when the grounds for federal question jurisdiction are raised as a matter of defense or counterclaim. *Metro Ford Truck Sales, Inc*., 145 F.3d at 326-327. Defendant

3

raises federal issues in its defenses and counterclaims to Plaintiff's petition and amended petition; however, without a federal cause of action arising on the face of the complaint, removal based upon federal questions raised in the defenses and counterclaim is improper.[1]

### ii. Diversity Jurisdiction.

Plaintiff argues that the Court does not have jurisdiction because it has named the CDC Clerk of Court, a Louisiana resident and state official, as a defendant. Defendant argues that any cause of action for injunctive relief against the Clerk of Court is premature at this time because Plaintiff has not been awarded the principal relief it seeks, namely a declaratory judgment finding that Defendant has engaged in the unauthorized practice of law in Louisiana. Thus, Defendant claims that the CDC Clerk is named as a "relief defendant." Although not termed as an argument for fraudulent joinder, that is precisely the argument raised by Defendant. That is, that Plaintiff has no cause of action against the CDC Clerk but named her to this suit to defeat diversity.

The burden of proving fraudulent joinder is a heavy one and is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy

---

[1] Defendant also raises the alternative argument that the allegations in the petition amount to an illegal restraint of trade under the Sherman Act, 15 USC § 1, 2 and is removable because it raises Fourteenth Amendment issues. Again, these are defenses and counterclaims to the purely state law claims for declaratory relief under state statutes raised in the state claim. Such defenses and counterclaims, even if raising federal issues, are not sufficient for removal of this matter to federal court.

burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *see also Smallwood v. Illinois Cent. R.R. Co.,* 385 F. 3d 568, 573 (5th Cir. 2004). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility ... must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

To analyze whether the plaintiff has a reasonable basis for recovery under state law, the Court may conduct a Rule 12(b)(6) type of analysis by looking at the allegations of the complaint to determine whether it states a claim against the non-diverse defendant. *B., Inc.*, 663 F. 2d at 549.

Defendant has not met its burden. While the action was pending in state court, Plaintiff named the CDC Clerk of Court pursuant to LSA-CC art. 1880 which provides, in pertinent part, that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim to have any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Should the Plaintiff prevail, the CDC Clerk of Court would be affected by the

declaration as she would not be able to accept filings by Defendant. Thus, under LSA-CC art. 1880, the Clerk must be made a party to the action and her joinder is not improper.

Additionally, Defendant's prematurity argument is without merit as this is not a case where some administrative panel or other reviewing agency must first review the claim prior to it proceeding in Court. *See Amtax Holdings 303, LLC v. Phase I Management, LLC*, 2008 WL 782459 (E.D. La. 2008)(claim premature because plaintiff first required to exhaust with accounting review panel); *Hermann v. Handy*, 2000 WL 739294 (E.D. La. 2000)(claim premature because claim not first reviewed by the medical review panel); *Dunn v. Nextel South Corp.*, 207 F. Supp. 2d 523 (M.D. La. 2002)(claim dismissed as premature for failing to submit written notification prior to filing employment discrimination suit).

As Defendant has failed in meeting its high burden in showing there is no cause of action by Plaintiff against the CDC Clerk of Court, she is properly joined and her Louisiana citizenship is considered for purposes of diversity jurisdiction. Because complete diversity did not exist at the time of removal, the matter was improperly removed based upon the alternative theory of diversity jurisdiction.

This action was improperly removed to this Court as this Court does not have either federal question or diversity jurisdiction. Plaintiff's motion to remand is, therefore, granted and this case remanded to the Civil District Court, Parish of Orleans. Since the

Court does not have jurisdiction, decision on the merits of the claims and defenses is pretermitted.  Finally, all other motions pending are **MOOT** in light of this remand order.[2]

New Orleans, Louisiana this 26th day of September, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's motion to dismiss the counterclaim filed against it by Defendant and the CDC Clerk's motion to dismiss her from this suit, in light of the remand, should be taken up with the state court, the court with proper jurisdiction over those issues.

7